IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02058-MSK-MJW

WILLIAM M. LYNCH,

    Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation,
ZURICH AMERICAN INSURANCE COMPANY SAVINGS PLAN,
ZURICH AMERICAN INSURANCE COMPANY SEVERANCE PLAN,
ZURICH AMERICAN INSURANCE COMPANY RETIREMENT ACCOUNT PLAN, and
ZURICH AMERICAN INSURANCE COMPANY MEDICAL PLAN,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER** ( D. N. 13-1 )

---

It is anticipated by Plaintiff and Defendants that certain of Defendants' confidential business and personnel records, including information in Plaintiff's personnel file, and certain of Plaintiff's confidential business and personnel records may be produced in discovery in this matter and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Proposed Protective Order to provide such protection according to the terms and conditions below.

    1.    To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a) attorneys who are actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the parties;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

   (e) the Court in this case and its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

   (g) deponents, witnesses, or potential witnesses; and

   (h) other persons by written agreement of the parties.

4. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil P. 34(a)(1)(a). A draft or non-identical copy is a separate document within the meaning of this term.

5. Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff or personnel or business financial information of Defendants. CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Counsel or persons regularly employed or associated with counsel may designate information as CONFIDENTIAL only after a review of the information and based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

9. Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

   (a) operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information;

   (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

   (c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or

   (d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, *consistent with DC Loc. LCiv R 7.2*, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED AND APPROVED:

DATED this 27TH day of October, 2010.

BY THE COURT:

*signature*

Michael J. Watanabe
United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

| DAVIS GRAHAM & STUBBS LLP | ARCKEY & REHA, L.L.C |
|---|---|
| s/ *Victoria V. Johnson* | s/ *Thomas S. Arckey* |
| Victoria V. Johnson | Thomas S. Arckey |
| 1550 Seventeenth Street, Suite 500 | Sara Y. Hunt |
| Denver, Colorado 80202 | 26 W. Dry Creek Circle, Suite 800 |
| | Littleton, CO 80120 |
| ATTORNEY FOR DEFENDANTS | ATTORNEYS FOR PLAINTIFF |

*The originally signed copies are on file at the respective offices of the parties' counsel.*